WALTON COTTON MILLS COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25542. Promulgated June 9, 1932.

*J. C. Murphy, Esq.,* for the petitioner.
*T. M. Mather, Esq.,* for the respondent.

OPINION.

MATTHEWS: In the instant proceeding the petitioner is claiming special assessment upon the grounds that invested capital can not be determined, due to the fact that capital expenditures had been charged to expense; that the petitioner had built up a valuable good will which was not reflected in its invested capital; that petitioner received substantial income from hedging contracts; that the net income for the pre-war period was abnormally low, thereby reducing the war-profits credit; and that salaries paid were abnormally low.

We are of the opinion that upon all the evidence presented the petitioner has failed to establish that its invested capital can not be determined, or that there were any abnormalities affecting its income or invested capital for the year in question. With regard to the claim that invested capital could not be determined, it was shown that certain capital items had been charged to expense. The bookkeeper testified that there were other items of the same nature charged to expense; however, the books were not introduced in evidence and the petitioner has not shown that the amounts so charged to expense can not be determined. See *Enameled Metals Co.*, 14 B. T. A. 1392; and *Morris Coal Co.*, 15 B. T. A. 322; affirmed in 48 Fed. (2d) 810. The same situation exists with respect to the question of depreciation. Counsel for the petitioner contends that since the minutes show that depreciation was charged off the plant account in arbitrary amounts, a part of such amounts represented capital which should have been reflected on the petitioner's books. However, there is no showing as to what was a proper amount of depreciation or that the correct amount could not be determined. If it could, the petitioner should have sought to have it restored to its capital account. See *Morris Coal Co., supra.* Moreover, we have no way of knowing how the respondent arrived at the figure used by him as the amount of invested capital. The thirty-day letter upon which the notice of deficiency is based shows the total amount allowed by the respondent, but does not show the items of invested capital entering into his computation.

In *Duquesne Steel Foundry Co.*, 15 B. T. A. 467, we said:

In any event the record is wholly insufficient to enable us to hold that the respondent is unable satisfactorily to determine petitioner's invested capital. No proof was submitted of the amount of invested capital allowed by respondent nor of the items or basis used in his computation. For aught that appears the respondent may have made due and proper allowance for the alleged infirmities of petitioner's accounting methods and records.

Such matters are essential items of proof and can not be left to inference or conjecture. The presumption of correctness attaching to the respondent's finding must be overcome by proof of such a character as will enable us definitely to say that respondent has erred. * * *

So, in the instant proceeding, for aught we know the respondent may have made allowance for the " infirmity " of the petitioner's bookkeeping and may have included some, if not all, of these amounts in his computation.

With regard to the good will, the petitioner introduced a public accountant as a witness, who, by using a formula, found a good will value of $68,631.13. The petitioner claims that since this good will was built up in the business and could not be included in its invested capital, an abnormality existed. In regard to such a situation, we said in *Gerlach-Barklow Co.*, 16 B. T. A. 201:

* * * The first point it makes is that under the determination of the tax liability by the Commissioner there is not reflected in invested capital the appreciation in the value of its assets, principally good will. We have no doubt from the evidence that by 1912, and also by 1917, a valuable good will had been built up. We are of the opinion, however, that this is not an abnormal condition in the case of any prosperous, well managed corporation, especially one engaged in a business of the character of that conducted by the petitioner. The invested capital of the petitioner was not abnormal by reason thereof.

With regard to the other contentions of the petitioner, the facts are fully set forth in our findings of fact. There is some evidence that the salary paid to Tichenor was inadequate, but we are of the opinion that this does not constitute an abnormality under the circumstances in this case. *Eagle Piece Dye Works*, 10 B. T. A. 1360. We are unable to find any abnormality affecting either the income or invested capital of the petitioner upon the evidence presented, and in view of this we do not consider it necessary to discuss further the other contentions of the petitioner.

*Judgment will be entered for the respondent.*